IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL A. YORK,<br><br>    Plaintiff,<br><br>  v.<br><br>ERIC ARNOLD,<br><br>    Defendant. | No. C 16-06133 JSW<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Daniel A. York, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2254.

**BACKGROUND**

Petitioner was charged with violations of California Penal Code sections 245(c)(2), 69, 12022(b)(1), 594(a), 665.5(a), 12022.7(a), 1170.12(e), 667.5(b), and Vehicle Code section 20001(a). Petitioner was convicted of these charges. Petitioner contends that he was denied his constitutional rights to due process and a fair trial by the introduction of inaccurate crime scene reenactment evidence and that he was denied his constitutional right to due process when he was convicted of taking a vehicle without sufficient evidence of his guilt.

**DISCUSSION**

**A.    Legal Standard.**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall

"award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**B.      Petitioner's Legal Claims.**

Petitioner seeks federal habeas corpus relief by way of raising a claim of violations of his due process rights. Liberally construed, the claims appear potentially colorable under 28 U.S.C. § 2254 and merit an answer from Respondents.

**CONCLUSION**

For the foregoing reasons and for good cause shown:

1. Petitioner shall serve by certified mail a copy of this Order and the petition and all attachments thereto upon Respondent.
2. Respondent shall file with the Court and serve on Petitioner, within 60 days of the date of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.
3. If Petitioner wishes to respond to the answer, she shall do so by filing a traverse with the Court and serving it on Respondent within 30 days of her receipt of the answer

**IT IS SO ORDERED.**

Dated:   December 20, 2017

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2